**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5075**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FERNARD LEE JORDAN, a/k/a Fernando Lee Jordan,

Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   Robert E. Payne, Senior District Judge.  (3:10-cr-00171-REP-1)

Submitted:  July 28, 2011            Decided:  August 1, 2011

Before SHEDD, AGEE, and DIAZ, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Reginald M. Barley, Richmond, Virginia, for Appellant.   Richard Daniel Cooke, Fernando Groene, Assistant United States Attorneys, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fernard Lee Jordan pled guilty to possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C.A. § 841(a), (b)(1)(B)(ii) (West 1999 & Supp. 2011). The district court sentenced him to 108 months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but noting that Jordan asserted that he was arrested on an invalid warrant and also sought to challenge the drug quantity attributed to him and the district court's decision to sentence him at the top, rather than the bottom of the advisory Guidelines range. Jordan was informed of his right to file a pro se supplemental brief but has not done so. The Government has moved to dismiss the appeal based upon Jordan's waiver of his appellate rights. We affirm in part and dismiss in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). The question of whether a

2

defendant validly waived his right to appeal is a question of law that we review de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Our review of the record leads us to conclude that Jordan knowingly and voluntarily waived the right to appeal his sentence. Moreover, the sentencing issues raised on appeal fall within the scope of the waiver. We therefore grant, in part, the Government's motion to dismiss Jordan's appeal from his sentence.

Although the waiver provision in the plea agreement precludes our review of the sentence, the waiver does not preclude our review of any errors in Jordan's conviction that may be revealed by our review pursuant to Anders. Our review of the transcript of the plea colloquy convinces us that the district court fully complied with the mandates of Rule 11 in accepting Jordan's guilty plea. The district court ensured that the plea was entered knowingly and voluntarily and was supported by an independent factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). To the extent that Jordan seeks to challenge the validity of the arrest warrant, this issue was waived by his guilty plea. See Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993). We therefore deny the

3

Government's motion to dismiss the appeal from the conviction, and affirm Jordan' conviction.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues not covered by the waiver. We therefore affirm Jordan's conviction and dismiss the appeal of his sentence. This court requires that counsel inform his client, in writing, of the right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew his motion in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>

4